UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

v.                          Case No: 2:16-cv-329-FtM-38MRM

GEO GROUP, INC. (GEO) and
KRISTIN KANNER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Jamaal Ali Bilal's Motion for Relief of this Court's Order dated March 13, 2018, Relief from Judgment, or in the Alternative to Vacate the Order and Return the Case to the United States District Court for the Southern District of Florida (Doc. 116) filed on March 22, 2018. The Court will construe the Motion as a Motion for Reconsideration of the Court's Order (Doc. 115) filed under Fed. R. Civ. P. 60(b).

Rule 60, Fed. R. Civ. P., defines the circumstances under which a party may obtain relief from a final judgment or an order. "It should be construed in order to do substantial

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

justice, but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). For example, Rule 60(b) permits courts to reopen judgments or change orders for reasons of mistake, inadvertence, surprise, or excusable neglect. "Motions under this rule are directed to the sound discretion of the district court." *Id.* Because Plaintiff's motion alleges none of the first five categories for relief in Rule 60(b), the Court construes it as a motion brought under Rule 60(b)(6). Often referred to as the catch-all ground, Rule 60(b)(6) provides an avenue for relief for "any other reason justifying relief." In seeking relief under Rule 60(b)(6), Plaintiff has the burden of showing that absent relief from the judgment, an "extreme" and "unexpected" hardship will result. *Id.* (*citing United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

On March 13, 2018, this Court denied Plaintiff's Motion for Clarification. (Doc. 115). In his Motion for Clarification (Doc. 110, 111), Plaintiff moved the Court to make the Defendants pay for his appeal to the Eleventh Circuit because they removed his case from state court to federal court. Plaintiff now moves the Court to reconsider its ruling arguing that the Southern District Court lacked jurisdiction to dismiss (transfer) his case to this Court, and this court should transfer the case back to the Southern District.

Plaintiff argues that the Southern District of Florida did not have jurisdiction to transfer his case because the U.S. Marshal's Service did not serve all of the Defendants prior to United States Magistrate Judge's dismissal of his case. Plaintiff argues from *Williams v. King*, 875 F. 3d 500 (9th Cir. 2017), which held that a magistrate judge in California did not have jurisdiction to dismiss a case where the plaintiff signed a consent

2

to trial by magistrate judge form, but not all of the defendants consented, because they were not yet served.

Plaintiff's reliance on *King* is misplaced. Here – unlike *King* – the magistrate judge did not dismiss Plaintiff's case, but instead issued a Report and Recommendation to the District Court recommending that the case be transferred to the Middle District of Florida. The District Court adopted the Report and Recommendation because all of the action in this case occurred at the Florida Civil Commitment Center (FCCC) which is located in the Middle District of Florida. *Nalls v. Coleman Low Federal Inst.*, 440 F. Appx. 704, 706 (11th Cir. 2011) (A district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice). Since the action and the parties are located in the Middle District of Florida, the case was properly transferred to this Court. Therefore, there is no good cause to send the case back to the Southern District of Florida.

This Court dismissed Plaintiff's case because he failed to prosecute the action. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal for the same reason. Plaintiff fails to cite to any case law or new facts in this case that would cause this Court to reconsider and change any of its rulings. Thus, the Motion is due to be denied. Plaintiff is also cautioned that as this case is closed and his appeal has been dismissed, any future filings in this case will be stricken without further notice.

Accordingly, it is now

**ORDERED:**

Petitioner Jamaal Ali Bilal's Motion for Relief of this Court's Order dated March 13, 2018, or in the Alternative to Vacate the Order and Return the Case to the United States District Court for the Southern District of Florida ([Doc. 116](Doc. 116)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2