UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

      Plaintiff,

v.                                                Case No: 2:16-cv-329-FtM-38MRM

GEO GROUP, INC. (GEO) and
KRISTIN KANNER,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Motion for Reconsideration under Fed. R. Civ. P. 60(b) or Clarification Whether Plaintiff can Proceed *In Forma Pauperis* (IFP) under the *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015) for Nominal Damages Only or in the Alternative Motion to File Belated Appeal (Doc. 118) filed on July 3, 2018. Plaintiff who is currently confined in the Florida Civil Commitment Center (FCCC) files this Motion for reconsideration of the Court's Order (Doc. 115) entered on March 13, 2018. In that Order, the Court denied Plaintiff's Motion to Appeal IFP as the appeal would be frivolous, and denied his request to force the Defendant's to pay for his appeal. Plaintiff appealed the March 13, 2018 Order to the Eleventh Circuit, but the appeal was dismissed because

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff filed another appeal before the Order had ever been entered and he failed to file a separate notice of a new appeal.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005) (citing *Lamar*, 189 F.R.D. at 489).

The Court has reviewed Plaintiff's motion and determines that it is without merit. Plaintiff does not identify new evidence, point to a change in controlling law, or show that reconsideration is needed to correct clear error or prevent manifest injustice. As a whole,

Plaintiff's arguments do not address the Court's March 13, 2018 Order, but instead rehash old arguments previously considered and dismissed by this Court.

Plaintiff argues he thought this Court was divested of jurisdiction so his appeal to the Eleventh Circuit of this Court's March 13, 2018 Order was not properly filed. Judge Hull, the Eleventh Circuit Judge who denied Plaintiff's appeal stated:

> Mr. Bilal's motion for relief of the district court's March 13, 2018, order or, alternatively, to vacate the district court's order and return his case to the Southern District of Florida is not properly before this Court because Mr. Bilal filed his notice of appeal on December 18, 2017, prior to that order being entered.

([Doc. 118 at 1](#)). Plaintiff claims that he did not file a separate notice of appeal for the March 13, 2018 Order because — as a *pro se* litigant — he did not believe he could file two appeals in the same case. However, the Court notes that even pro se litigants must follow the rules. See *[Loren v. Sasser](#), 309 F. 3d 1296, 1304 (11th Cir. 2002)*.

Plaintiff further argues that this Court did not take into consideration *[Brooks v. Warden](#), 800 F. 3d 1295 (11th Cir. 2015)*, which held that under the Prisoner Litigation Reform Act (PLRA) a prisoner should be allowed IFP status even though his claim is only for nominal damages. Contrary to Plaintiff's argument, as a resident of the FCCC, Plaintiff is not considered a prisoner, so he is not subject to the PLRA. Therefore, *Brookes* is not applicable to his case. Plaintiff was previously notified by this Court that *Brookes* is not applicable to his case because he is not a prisoner but a civil detainee. ([Doc. 102 at 2](#)). Moreover, Plaintiff did not argue from *Brooks* in his Motion to Proceed IFP, ([Doc. 110](#)), therefore, the *Brookes* decision was not a matter before the Court.

Finally, Plaintiff moves for the Court to grant him IFP to file a belated appeal. This Court has already denied Plaintiff's motion to proceed IFP and that denial was considered

3

by the Eleventh Circuit Court of Appeals. In a six-page order, the appellate court affirmed the Court's denial on the grounds that:

> Mr. Bilal has no non-frivolous argument that the district court abused its discretion in dismissing without prejudice his complaint for failure to comply with the court's order. Mr. Bilal's first complaint was confusing, included unnecessary facts, did not clearly state which claims applied to which defendants, and did not provide the dates of the alleged violations. Rather than dismissing his complaint, the district court properly ordered Mr. Bilal to file an amended complaint in accordance with the Federal Rules of Civil Procedure. Despite missing the first deadline and being ordered a second time to file an amended complaint, Mr. Bilal failed to comply with the court's order. Therefore, because Mr. Bilal was ordered twice to file an amended complaint and warned about a possible dismissal if he failed to do so, the district court did not abuse its discretion in dismissing without prejudice his complaint.

([Doc. 104-1 at 4-5](#)) (citations omitted). Given the clear statement from the Eleventh Circuit that Plaintiff has no non-frivolous grounds on which to appeal, Mr. Bilal's instant motion is disingenuous. As a consequence, the Court will not grant Plaintiff's request for a belated appeal.

Accordingly, it is now **ORDERED:**

Motion for Reconsideration under Fed. R. Civ. P. 60(b) or Clarification Whether Plaintiff can Proceed IFP under *Brooks v. Warden*, 800 F.3d 1295 (11th Cir. 2015) for Nominal Damages Only or in the Alternative Motion to File Belated Appeal (Doc. 118) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of July, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record
SA: FTMP-2

4