UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

v.                                          Case No: 2:16-cv-329-FtM-38MRM

GEO GROUP, INC. (GEO) and
KRISTIN KANNER,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Jamaal Ali Bilal's Motion to Reopen the Case (Doc. 127) filed on December 6, 2018. No response in opposition has been filed. For the following reasons, the Motion is **DENIED.**

Bilal is civilly detained at the Florida Civil Commitment Center ("FCCC") under Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Fla. Stat. § 394.910, et. seq. ("SVP Act"). Bilal initiated this Complaint on November 12, 2015, in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, alleging a violation of his Fourth, Eighth, and Fourteenth Amendment Rights, and false imprisonment. (Doc. 1). The same day Defendant GEO Group, Inc. removed the case to the United States District

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Court for the Southern District of Florida, Palm Beach Division. On January 19, 2016, the Southern District directed Bilal to file an amended complaint by February 17, 2016. Bilal timely moved to request a thirty-day enlargement of time to file his amended complaint(Doc. 61), which the Southern District court denied when it transferred the action to this Court (Doc. 71). Plaintiff filed numerous motions to appoint counsel, which the Southern District also denied. The Southern District transferred the case to this Court on May 3, 2016. (Doc. 72).

On May 4, 2016, the Court ordered Bilal to file an amended complaint in accord with the Southern District's January 19, 2016 Order by May 18, 2016, or face dismissal without further notice. (Doc. 76). The Order further stated that because Plaintiff had approximately five months to file an amended complaint under the Southern District's Order, this Court would entertain no enlargements of time. *Id.* at 2. Plaintiff was cautioned that if he failed to comply and file his amended complaint by May 18, 2016, his case would be dismissed. Instead of filing an amended complaint, Plaintiff filed a "notice of joint appeal of the two District Court Proceedings" (Doc. 78), in which Plaintiff contends that his case was "improperly removed from the 15th Judicial Circuit, Palm Beach County." *Id.* at 1. The Court dismissed Bilal's case on August 4, 2016, for failure to comply with the Court's Orders to amend. (Doc. 90).

Bilal now moves to reinstate his case arguing it was erroneously dismissed. Bilal files his Motion under Fed. R. Civ. P.60(b)(6) and asserts this Court improperly dismissed this instant action based on the filing injunction entered by the Northern District of Florida. *Id.* at 2 (citing *Bilal v. FNU Fennick*, 740 F. App'x 705 (11th Cir. 2018) (per curiam) (stating "the district court erroneously denied Bilal's IFP application [in case number 2:16-cv-799-

FtM-29CM] based solely on the filing injunction that did not apply to the forum where he filed his complaint")).

Bilal's Motion is without merit. The Court did not dismiss this case based on the filing injunction. The Court specifically noted that the Northern District's injunction was not applicable here, because Bilal originally filed this case in the Fifteenth Judicial Circuit Court in West Palm Beach. (Doc. 90, at n. 2). Further, if Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), his Motion is untimely. *See* Fed. R. Civ. P. 60(c)(1) (stating that a motion filed under Rule 60(b)(6) "must be made within a reasonable time"). A motion filed approximately two and half years after the Court has entered judgment cannot be said to be "within a reasonable time."

Plaintiff also request the appointment of counsel to represent him. Since the case will not be reopened the request for counsel is denied.

Also pending is Bilal's "Motion for Court to Serve Defendants With a Copy of Complaint Before Ruling By U.S. Magistrate Judge" (Doc. 129) filed January 9, 2019. Bilal contends this Court "does not have jurisdiction to rule on this Complaint until <u>all</u> named defendants are served." (<u>Id.</u> at 1, emphasis in original). Contrary to Bilal's Assertion, this Court obtained jurisdiction over his case under 28 U.S.C. § 1441(b) when the matter was properly removed to the Southern District and transferred to this Court. Bilal's Motion for Service is denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Jamaal Ali Bilal's Motion to Reopen the Case (Doc. 127) is **DENIED**.
2. Plaintiff Jamaal Ali Bilal's Motion to Appoint Counsel is **DENIED.**

3

3. Plaintiff Jamaal Ali Bilal's Motion for the Court to Serve Defendants With Copy of Complaint Before Ruling By U.S. Magistrate Judge" ([Doc. 129](Doc. 129)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of April, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record